UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY V. MAESTAS,<br><br>  Plaintiff,<br><br>  v.<br><br>RCCC MEDICAL STAFF,<br><br>  Defendant. | No. 2:21-cv-1419 DB P<br><br><br><br>ORDER |

Plaintiff, a state inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. This action appears to concern medical treatment plaintiff received while located in the custody of the Sacramento County Sheriff's Department at Rio Cosumnes Correctional Center ("RCCC"). Before the court is plaintiff's request for leave to proceed in forma pauperis (ECF No. 10) and plaintiff's First Amended Complaint ("FAC") for screening (ECF No. 6).

For the reasons stated below, plaintiff's FAC will be dismissed with leave to amend and plaintiff's request to proceed in forma pauperis will be granted.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 10.) Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

1

accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Linkage Requirement**

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez

1  v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List,
2  880 F.2d 1040, 1045 (9th Cir. 1989).

3      Government officials may not be held liable for the actions of their subordinates under a
4  theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in
5  Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious
6  liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has
7  violated the Constitution through his own individual actions by linking each named defendant
8  with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.
9  Id. at 676.

10      **III.    Allegations in the FAC**

11      In his FAC plaintiff states that, at all relevant times, he was an inmate at RCCC. (ECF
12  No. 6 at 1.) Plaintiff's names as defendants the RCCC medical staff and an unknown male
13  medical doctor. (Id. at 2.)

14      Exactly what is alleged in the FAC is difficult to determine. In the sections designated for
15  plaintiff to state what right was violated, plaintiff wrote "NO". (Id. at 3.) Elsewhere, plaintiff has
16  checked a box indicating he seeks to bring a "medical care" claim. (Id.) The factual allegations
17  included in the FAC are also unclear. It appears plaintiff's claims revolve around two back
18  surgeries he had on an undisclosed date. (See Id.) Plaintiff possibly intends to claim that he was
19  not provided proper care related to those surgeries (Id. at 4), but it is unclear what medical needs
20  plaintiff claims existed or what treatment he did not receive. Additionally, in separate places in
21  the FAC, plaintiff also mentions a hernia (Id. at 2) and a spider bite (Id. at 5), though these are not
22  discussed further.

23      Plaintiff's requests relief in the form of $100,000,000 in damages. (Id. at 6.)

24      **IV.    Does Plaintiff State Cognizable Claims?**

25      Plaintiff fails to state any claims for relief cognizable under 42 U.S.C. § 1983. The FAC
26  indicates that plaintiff may be able to articulate an Eighth Amendment claim for deliberate
27  indifference to plaintiff's serious medical needs. However, the present complaint does not
28  contain any clear factual allegations to this end. Accordingly, plaintiff will be given an

4

opportunity to amend his complaint to attempt to articulate a claim.  Plaintiff is advised that he must adhere to the following standards for stating claims for relief under § 1983:

- Plaintiff must clearly identify each defendant and describe just what that defendant did that violated his constitutional rights.

- Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

- The following people are typically not appropriate defendants in a § 1983 action: (1) supervisory personnel, see Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (supervisors not liable for the actions of their employees under § 1983; respondeat superior is not a basis for liability); and (2) persons whose only role was reviewing plaintiff's administrative appeals, see George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation.).

- CDCR is not a proper defendant as suit against CDCR under § 1983 is barred under the Eleventh Amendment and CDCR is not a person for purposes of § 1983. 42 U.S.C. § 1983; see Pennhurst State Sch. & Hospital v. Halderman, 465 U.S. 89, 100 (1984); see also Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1149-50 (9th Cir. 2011).

- Doe defendants are permitted but disfavored and plaintiff should make every effort to supply the names of each defendant.  If this proves impossible, plaintiff may be afforded limited discovery to determine defendant's identities in the future. However, even if plaintiff uses Doe defendants, he is still required to identify the

specific actions taken by each individual Doe defendant in order to state a claim. Alexander, 2009 WL 464486, *5; see Monell v. Dept. of Social Servs., 436 U.S. 658 (1978).

- Plaintiff must make a short, plain statement of the facts supporting each claim. See Fed. R. Civ. P. 8(a).

- Plaintiff may allege multiple claims against a single defendant. Fed. R. Civ. P. 18(a). However, he may not bring a claim against one defendant in the same case as an unrelated claim against another defendant. Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). Simply alleging a "conspiracy" does not transform unrelated claims into related claims.

- Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief.

- An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleadings are superseded.

- Plaintiff must exhaust his administrative remedies before filing suit. 42 U.S.C. § 1997e(a).

The court is unable to determine just what constitutional claims plaintiff is attempting to assert. However, as stated above it does appear that plaintiff is attempting to assert an Eighth Amendment medical needs claim. The court will provide a brief summary of the applicable legal standard for such a claim. It is plaintiff's duty to ensure that any such claims in an amended complaint comply with these standards, as well as other relevant law not stated in this short summary.

**V.     Summary of Legal Standard for Eighth Amendment Medical Needs Claims**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual

6

1  punishment prohibited by the Eighth Amendment.  <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986);
2  <u>Ingraham v. Wright</u>, 430 U.S. 651, 670 (1977); <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06 (1976).
3  Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy
4  and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited
5  by the Cruel and Unusual Punishments Clause." <u>Whitley</u>, 475 U.S. at 319.

6        If a prisoner's Eighth Amendment claim arises in the context of medical care, including
7  mental health care, the prisoner must allege and prove "acts or omissions sufficiently harmful to
8  evidence deliberate indifference to serious medical needs." <u>Estelle</u>, 429 U.S. at 106.  An Eighth
9  Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and
10  the nature of the defendant's response to that need." <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059
11  (9th Cir. 1992), <u>overruled on other grounds by</u> <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133 (9th
12  Cir. 1997) (en banc).

13        A medical need is serious "if the failure to treat the prisoner's condition could result in
14  further significant injury or the 'unnecessary and wanton infliction of pain.'" <u>McGuckin</u>, 974
15  F.2d at 1059 (quoting <u>Estelle</u>, 429 U.S. at 104).  Indications of a serious medical need include
16  "the presence of a medical condition that significantly affects an individual's daily activities." <u>Id.</u>
17  at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the
18  objective requirement for proving an Eighth Amendment violation. <u>Farmer v. Brennan</u>, 511 U.S.
19  825, 834 (1994).

20        If a prisoner establishes the existence of a serious medical need, he must show that prison
21  officials responded to the serious medical need with deliberate indifference.  <u>See Id.</u> at 834.  In
22  general, deliberate indifference may be shown when prison officials deny, delay, or intentionally
23  interfere with medical treatment, or may be shown by the way in which prison officials provide
24  medical care.  <u>Hutchinson v. United States</u>, 838 F.2d 390, 393-94 (9th Cir. 1988).

25        Before it can be said that a prisoner's civil rights have been abridged with regard to
26  medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,'
27  'negligence,' or 'medical malpractice' will not support this cause of action." <u>Broughton v. Cutter</u>
28  <u>Laboratories</u>, 622 F.2d 458, 460 (9th Cir. 1980) (citing <u>Estelle</u>, 429 U.S. at 105-06); <u>see also</u>

Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference.  Estelle, 429 U.S. at 104-05.  To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful.  See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

## AMENDING THE COMPLAINT

As stated above, the complaint fails to clearly state any cognizable claims.  However, plaintiff will be given the opportunity to amend his complaint.  If plaintiff files an amended complaint, he must address the problems with his complaint that are explained above.  Any amended complaint must be complete in itself.  The court cannot refer to a prior complaint to understand the plaintiff's claims.

In an amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If

8

1  plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging
2  allegations must be set forth in the amended complaint, so defendants have fair notice of the
3  claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support
4  of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R.
5  Civ. P. 8(a).

6  Any amended complaint must show the federal court has jurisdiction, the action is brought
7  in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must
8  contain a request for particular relief. Plaintiff must identify as a defendant only persons who
9  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.
10 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the
11 deprivation of a constitutional right if he does an act, participates in another's act, or omits to
12 perform an act he is legally required to do that causes the alleged deprivation). "Vague and
13 conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v.
14 Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

15 In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed.
16 R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed.
17 R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or
18 occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

19 The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d
20 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any
21 heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.
22 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be
23 set forth in short and plain terms. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)
24 ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus
25 litigation on the merits of a claim."); Fed. R. Civ. P. 8.

26 An amended complaint must be complete in itself, without reference to any prior pleading.
27 E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded.
28 By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## CONCLUSION

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 10) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's First Amended Complaint (ECF No. 6) is dismissed with leave to amend.
4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.
5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated:  March 21, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/maes1419.scrn lta