1

2

3

4

5

6

7              UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   RANDY V. MAESTAS,                    No.  2:21-cv-01419 DB P

11          Plaintiff,

12      v.                                ORDER

13   RCCC MEDICAL STAFF,

14          Defendant.

15

16          Plaintiff, a state inmate proceeding pro se, has filed a civil rights action pursuant to 42

17   U.S.C. § 1983.  This action concerns medical treatment plaintiff received while located in the

18   custody of the Sacramento County Sheriff's Department at Rio Cosumnes Correctional Center

19   ("RCCC").  Before the court is plaintiff's Second Amended Complaint ("SAC") for screening

20   (ECF No. 17).  For the reasons stated below, the SAC will be dismissed with leave to amend.

21   **I.     Legal Standards**

22          The court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

24   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

25   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

26   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

27   U.S.C. § 1915A(b)(1) & (2).

28   ////

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of

7    the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

8    showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

9    the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S.

10   544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

11   However, in order to survive dismissal for failure to state a claim a complaint must

12   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

13   factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

14   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

15   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

16   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

17   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

18   The Civil Rights Act under which this action was filed provides as follows:

19           Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the deprivation
20           of any rights, privileges, or immunities secured by the Constitution .
             . . shall be liable to the party injured in an action at law, suit in equity,
21           or other proper proceeding for redress.

22   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

23   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

24   Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

25   person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

26   1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

27   an act which he is legally required to do that causes the deprivation of which complaint is made."

28   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

2

1    Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

2    their employees under a theory of respondeat superior and, therefore, when a named defendant

3    holds a supervisorial position, the causal link between him and the claimed constitutional

4    violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

5    Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

6    concerning the involvement of official personnel in civil rights violations are not sufficient.  See

7    Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

8    **II.     Linkage Requirement**

9    Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that

10   each defendant personally participated in the deprivation of his rights.  See Jones v. Williams,

11   297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between the

12   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Ortez

13   v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List,

14   880 F.2d 1040, 1045 (9th Cir. 1989).

15   Government officials may not be held liable for the actions of their subordinates under a

16   theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in

17   Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious

18   liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has

19   violated the Constitution through his own individual actions by linking each named defendant

20   with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

21   Id. at 676.

22   **III.    Allegations in the SAC**

23   In his SAC plaintiff states that, at all relevant times, he was an inmate at RCCC.  (ECF

24   No. 17 at 1.)  Plaintiff's names Sacramento County Sheriff's Department ("SCSD")  at RCCC as

25   the defendant in this action.  (Id. at 1.)  Plaintiff states that he has been unable to identify other

26   individuals he wants to name as defendants.  (Id. at 2.)

27   In the SAC, plaintiff alleges the following: plaintiff received back surgery at an unstated

28   date.  (Id. at 3.)  This surgery resulted in "a hole the size 4 inch [sic] wide and 2 ½ inches deep" in

3

1   plaintiff's back.  (<u>Id.</u>)  Plaintiff says he was not given pain medication and was told that he would

2   have to suffer as he was in jail.  (<u>Id.</u>)  Plaintiff was also told that he would not be permitted to go

3   to a hospital.  (<u>Id.</u>)  Following the surgery, plaintiff bleed "for about 10 to 12 days" and was told

4   by medical staff that he should be in a "real hospital."  (<u>Id.</u> at 4.)  Plaintiff also indicates that he

5   was given some pain medication in the form of "2 shots" but that this did not work.  (<u>Id.</u> at 5.)

6           Plaintiff appears to be making an Eighth Amendment medical needs claim in the SAC.

7   Plaintiff's requests relief in the form of $100,000,000 in damages.  (<u>Id.</u> at 6.)

8       **IV.    Does Plaintiff State Cognizable Claims?**

9           **A.  Possible Failure Exhaust Administrative Remedies**

10          The SAC suggests that plaintiff has not properly exhausted his administrative remedies at

11  CMF prior to filing the instant action.  (<u>See</u> ECF No. 17 at 3-5.)  Plaintiff has marked on his

12  complaint that he did not file any requests for administrative relief.  (<u>See</u> <u>Id.</u>)  As a demonstration

13  of the exhaustion of administrative remedies is not a pleading requirement (<u>see</u> <u>Wyatt v. Terhune</u>,

14  315 F.3d 1108, 1112 (9th Cir. 2003)), and inmates are not required to specifically plead or

15  demonstrate exhaustion in their complaints (<u>see</u> <u>Jones v. Bock</u>, 549 U.S. 199, 216 (2007)), the

16  court will conduct a substantive screening of this action at this time.  However, the plaintiff is

17  warned that should any defendants be ordered to respond to this action, any failure to exhaust that

18  can be substantiated may be proffered by defendants as an affirmative defense in support of the

19  dismissal of this action.  <u>See</u> <u>generally</u> <u>Albino v. Baca</u>, 747 F.3d 1162, 1166 (9th Cir. 2014)

20  (stating failure to exhaust is affirmative defense defendants must plead and prove).

21          **B.  SCSD at RCCC**

22          The only named defendant in the SAC is the SCSD at RCCC.  (<u>See</u> ECF No. 17 at 1.)

23  SCSD is a department in the municipal government of Sacramento County.  A plaintiff may bring

24  a claim against a municipality or local government unit under § 1983.  <u>See</u> <u>Monell</u>, 436 U.S. at

25  694.  However, to do so plaintiff must show that the municipality's policy or custom caused the

26  alleged constitutional injury.  <u>See</u> <u>Leatherman v. Tarrant County Narc. Intell. and Coord. Unit</u>,

27  507 U.S. 163, 166 (1993); <u>Monell</u>, 436 U.S. at 694.  A municipality may not be sued solely

28  because an injury was inflicted by one of its employees or agents.  <u>Long v. County of Los</u>

1    Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Rather, the municipality is liable only when the

2    execution of its policy or custom inflicts a constitutional injury.  Id.; Monell, 436 U.S. at 690-94

3    (plaintiff must show the constitutional injury was caused by employees acting pursuant to the

4    municipality's policy or custom); Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir.

5    2005).

6        The SAC fails to allege sufficient facts to state a Monell claim.  Plaintiff has not claimed

7    that the execution of SCSD or county policy or custom resulted in plaintiff's injuries.  The SAC

8    also does not contain any factual allegations regarding the policies or customs of Sacramento

9    County or its local government units.  It also does not connect any policy or custom to plaintiff's

10    injuries.  As such, it fails to satisfy the requirements to state a Monell claim. See Long, 442 F.3d

11    at 1185; Monell, 436 U.S. at 690-94.  Thus, plaintiff's claims against SCSD are not presently

12    cognizable.

13        **C.  Unidentified Defendants**

14        Plaintiff indicates that he has attempted to identify additional defendants but that he has

15    been unable to obtain their names.  (See ECF No. 17 at 1.)  Though it is disfavored, the usage of

16    John Does in pleadings is not prohibited.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.

17    1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F.

18    Supp.2d 1149, 1152 (E.D. Cal. 2008).  "John Doe" defendant liability must also be properly

19    alleged. A plaintiff may use "Doe" designations to refer to defendants whose names are unknown;

20    however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each

21    numbered John Doe refers to a specific person.  Plaintiff should allege specific acts that each Doe

22    defendant did, such as "John Doe 1 did X" and John Doe 2 did Y."  Alexander v. Tilton, No.

23    1:07-cv-0759 LJO DLB, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

24        Even if plaintiff were to amend the complaint to satisfy the linkage requirement, the court

25    cannot serve a complaint with only Doe defendants.  Montgomery v. Wong, 2:20-cv-1515 DB P,

26    2021 WL 1907161, at *4 (E.D. Cal. May 12, 2021).  As plaintiff has failed to state a claim against

27    the only named defendant, only unnamed defendants remain.  Even if plaintiff's claims are

28    cognizable, the court cannot serve this complaint as it only contains unidentified defendants.  Id.

The SAC will thus be dismissed.  Plaintiff will be granted leave to file an amended complaint that states a claim against a named defendant.  Should plaintiff's amended complaint state a cognizable claim he may be afforded an opportunity for limited, preliminary discovery to identify the names of the John Does "unless it is clear that discovery would not uncover their identities," Gillespie, 629 F.2d at 642, and only after the court is satisfied he has exhausted every other possibility of finding their names.

## V.      Amending the Complaint

As stated above, the complaint fails to clearly state any cognizable claims.  However, plaintiff will be given the opportunity to amend his complaint.  If plaintiff files an amended complaint, he must address the problems with his complaint that are explained above.  Any amended complaint must be complete in itself.  The court cannot refer to a prior complaint to understand the plaintiff's claims.

In an amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).  "Vague and \ ////

6

conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

////

////

////

////

////

////

////

////

////

////

**CONCLUSION**

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's Second Amended Complaint (ECF No. 17) is dismissed with leave to amend.

2.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

3.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated:  December 20, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/maes1419.scrn lta(3)