UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY MAESTAS, | No.  2:21-cv-01419 DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| RCCC MEDICAL STAFF, | |
| Defendant. | |

   Plaintiff, a state prisoner, proceeds pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff's third amended complaint is before the court for screening. (ECF No. 24.) For the reasons set forth below, it is recommended that this action be dismissed without further leave to amend for failure to state a claim.

**I.     Screening Requirement and Pleading Standard**

   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that... the action or appeal... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

   A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

1  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
2  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual
3  matter, accepted as true, to state a claim to relief that is plausible on its face." Id.

4  **II.      Allegations in the Third Amended Complaint**

5  Plaintiff alleges he received improper medical or mental health care in violation of the
6  Eighth Amendment from the medical staff at RCCC. (ECF No. 24 at 3.) Plaintiff needed to be in
7  a real hospital for emergency back surgery but was denied emergency care. (Id.) Plaintiff was
8  given aspirin and told to lie down. (Id.) The doctors and nurses at RCCC were planning to do
9  surgery and gave plaintiff 12 shots in the back to try to numb him. (Id. at 3-4.) It appears plaintiff
10 is alleging there were problems during the procedure performed at RCCC. (See id. at 4.) Finally,
11 plaintiff was taken to a real hospital where surgery was performed. (Id.) Plaintiff was recovering
12 for six months and suffered a lot of pain in his middle back. (Id. at 4-5) Plaintiff is disabled and
13 has limited mobility and the doctors and nurses at RCCC committed misconduct in putting him
14 through unnecessary pain and giving him no accommodations (Id. at 5.)

15 Plaintiff names RCCC medical staff - nurses and doctors - as the sole defendant in the
16 third amended complaint. He seeks monetary damages.

17 **III.     Discussion**

18 Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or
19 immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp.
20 Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a
21 plaintiff must allege two essential elements: (1) a right secured by the Constitution or laws of the
22 United States was violated and (2) the alleged violation was committed by a person acting under
23 the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty.,
24 811 F.2d 1243, 1245 (9th Cir. 1987).

25 Plaintiff seeks to hold the RCCC medical staff collectively liable under the Eighth
26 Amendment for deliberate indifference to his serious medical needs. A prisoner seeking relief for
27 an Eighth Amendment violation must show that the defendant official acted with deliberate
28 indifference to a threat of serious harm or injury to an inmate. Gibson v. County of Washoe, 290

F.3d 1175, 1187 (9th Cir. 2002). A prison official is liable for deliberate indifference if the official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

As plaintiff was previously advised, in order to bring an individual capacity claim under 42 U.S.C. § 1983, plaintiff must allege facts showing that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). (See ECF No. 18 at 3.) In addition, as plaintiff was previously advised, the court cannot serve a complaint against only unknown or unnamed individual defendants. (See id. at 5.)

Like the prior complaints, the third amended complaint fails to state a cognizable claim under the Eighth Amendment. Plaintiff cannot proceed against RCCC medical staff, or its doctors and nurses, collectively. Generic identifiers such as "medical staff" or "doctors and nurses" do not suffice to link a specific defendant to any offending actions. Allegations directed to "medical staff," or "doctors and nurses," also fail to put any individual defendants on notice of plaintiff's claims against them. See generally Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (a complaint must give fair notice of the plaintiff's claims).

Plaintiff was also previously advised of the requirements to state a cognizable municipal liability claim. (ECF No. 18 at 4-5.) To any extent plaintiff would seek to proceed against the County of Sacramento for the actions of the RCCC medical staff or its doctors and nurses, the third amended complaint fails to state a claim. Plaintiff does not allege any facts showing the County's policy or custom caused the alleged constitutional injury. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). Conclusory allegations such as there being "tons of complaints" and that the staff provides inadequate care (e.g., ECF No. 24 at 6) do not suffice to state a claim. See Iqbal, 556 U.S. at 678 (conclusory statements do not suffice to state a claim).

Because the third amended complaint alleges plaintiff is disabled and received no accommodations, the court considers whether plaintiff has stated a claim under the Americans with Disabilities Act ("ADA"). "To state a claim of disability discrimination under Title II of the ADA, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability, (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public

1  entity's services, programs, or activities, (3) the plaintiff was either excluded from participation in
2  or denied the benefits of the public entity's services, programs, or activities, or was otherwise
3  discriminated against by the public entity, and (4) such exclusion, denial of benefits, or
4  discrimination was by reason of the plaintiff's disability." Thompson v. Davis, 295 F.3d 890, 895
5  (9th Cir. 2002); Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001), as amended on
6  denial of reh'g (Oct. 11, 2001); 42 U.S.C. § 12132.

Plaintiff does not set forth any factual allegations showing he was denied benefits because of a disability. Conclusory allegations that plaintiff is disabled and that he received no accommodations do not state a claim. See Iqbal, 556 U.S. at 678 (a pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation").

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). In this case, plaintiff has received notice of the deficiencies in each of his complaints and has received three opportunities to amend. It now plainly appears that plaintiff is unable to allege facts to state a cognizable claim. Thus, granting further leave to amend would be futile.

**IV.    Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this case.

In addition, IT IS RECOMMENDED as follows:

1. Plaintiff's third amended complaint (ECF No. 24) be dismissed without further leave to amend for failure to state a claim; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 30 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 13, 2023

DLB7
maes1419.scrn3ac.fr

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

5